# Exhibit A



# Notice of Service of Process

**KOC / ALL**
**Transmittal Number: 17309954**
**Date Processed: 10/25/2017**

| | |
|---|---|
| **Primary Contact:** | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |

| | |
|---|---|
| **Entity:** | Wells Fargo Bank, N.A.<br>Entity ID Number  2013649 |
| **Entity Served:** | Wells Fargo Bank, N.A. |
| **Title of Action:** | Theo McPhee vs. Wells Fargo Bank, N.A. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Broward County Circuit Court, Florida |
| **Case/Reference No:** | CACE-17-017729 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 10/25/2017 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Peter M. Hoogerwoerd<br>305-416-5000 |
| **Client Requested Information:** | Matter Management User Groups: [ ] |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Case Number: CACE-17-017729 Division: 09

Filing # 61964585 E-Filed 09/25/2017 04:33:17 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR BROWARD
COUNTY, FLORIDA

THEO MCPHEE,

    Plaintiff(s),          CASE No.:

v.

WELLS FARGO BANK, N.A.

    DATE: _10-25-17_   TIME: _11:38Am_

    INITIALS: _H.m_   ID #: _SPS # 3_

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO: WELLS FARGO BANK, N.A., through its Registered Agent

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

PETER M. HOOGERWOERD, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET. STE. 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
ther summons upon you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.  You must also file
your answer with the Clerk of ther Court within a reasonable period of time after service.

_____    SEP 29 2017
CLERK                 DATE

_____
(BY) DEPUTY

BRENDA D. FORMAN

Filing # 61964585 E-Filed 09/25/2017 04:33:17 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

THEO MCPHEE,
and other similarly situated
individuals, Plaintiffs,

      Plaintiff(s),          Case No.:

v.

WELLS FARGO BANK, N.A.

      Defendant.

_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

    Plaintiff, THEO MCPHEE (hereinafter "Plaintiff"), and other similarly situated indivuduals, by and through the undersigned counsel, hereby sues Defendant, WELLS FARGO BANK, N.A. (hereinafter "Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1.     This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding $15,000 excluding attorneys' fees or costs; for Breach of Agreement unpaid wages and overtime wages under the Fair Labor Standards Act 29 U.S.C §§201 to recover unpaid wages.

2.     Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

3.     Plaintiff's continues to be, a resident of Broward County, Florida.

4.     Venue is proper in Broward County, Florida.

5.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 USC §216.

6.  All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

7.  Defendants directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.  Plaintiff and all other similarly situated are non-exempt employees of Defendants and are subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

9.  Specifically, Plaintiff and other similarly situated performed work for Defendants as a non-exempt Bank Teller.

10. Plaintiff has been employed by Defendant from approximately January 13, 2013 to the present time as a Bank Teller.

11. Plaintiff and all other similarly situated, were not paid at the proper overtime rate for all hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

12. Additionally, throughout Plaintiff's employment, he worked numerous hours for which he received no compensation whatsoever, in violation of the laws of the United States and the State of Florida.

13.    Throughout Plaintiff's employment, Plaintiff worked an average of seventy-two (72) hours per week.

14.    At all times material hereto, Plaintiff and Defendant were engaged in an implied agreement whereby Plaintiff would be employed by Defendant and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

15.    Based on this information, Plaintiff earned approximately four hundred dollars ($400.00) per week in wages from Defendants, working approximately 72 hours per week, of which 32 over time hours per week worked "off the clock" yielding a rate of on $5.55 per hour, well below the federal minimum wage of $7.25 per hour and ever further below the Florida minimum wage of $8.05 per hour.

16.    Plaintiff was not paid at the proper rate for all hours worked per week, as proscribed by the laws of the United States and the State of Florida.

17.    At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

18.    Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

19.    During the relevant time period Plaintiff performed overtime each week for which Defendants failed to pay Plaintiff at one and a half times his regular rate of pay.

<u>COUNT I</u>
*Wage & Hour Federal Statutory Violation against*
*WELLS FARGO BANK, N.A.*

20.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

21.    This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.

22.    29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

23.    Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

24.    At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

25.     Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

26.     By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

27.     Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

28.     At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

29.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

30.     Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked which were not properly compensated.

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
***FLSA Retaliation against***
***WELLS FARGO BANK, N.A.***

31.    Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

32.    29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

33.    Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

34.    The motivating factor that caused Plaintiffs' adverse employment action as described above was Plaintiffs' filing a lawsuit for unpaid wages.

35.    Defendant's conduct was in direct violation of the FLSA and FMWA, and, as a direct result, Plaintiffs have been damaged.

**WHEREFORE,** Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiffs' rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### Breach of Agreement against
### WELLS FARGO BANK N.A.

36.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

37.  Defendant breached its agreement with Plaintiff by failing to comply with the terms in her signed contract.

38.  Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendant for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT IV
### Quantum Meruit against
### WELLS FARGO BANK, N.A.

39.  Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

40.  Defendant have knowledge of the services performed and provided and the benefit provided by Plaintiff.

41.  Defendant accepted Plaintiff's services to Defendant.

42.  Defendant retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all services performed.

43.  Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendant, interest and costs, and other damages deemed just by this Honorable Court.

### COUNT V
*Unjust Enrichment against*
*WELLS FARGO, N.A.*

44.　Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendants.

45.　Defendant has knowledge of the services performed and provided by Plaintiff.

46.　Defendant voluntarily accepted the services performed and provided by Plaintiff.

47.　Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

48.　Plaintiff seeks damages for the value of the work performed to Defendant.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _September 21, 2017_

Respectfully submitted,

Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
Nathaly Lewis, Esq.
Fla. Bar No. 118315
nl@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT, IN AND FOR
BROWARD COUNTY, FLORIDA

THEO MCPHEE,
and other similarly situated
individuals, Plaintiffs,

               Plaintiff(s),

    v.

WELLS FARGO BANK, N.A.,

              Defendant.

_____

Case No. CACE-17-017729

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

    Defendant WELLS FARGO BANK, N.A., by its attorneys answers the Complaint of

Plaintiff THEO MCPHEE as follows:

## GENERAL ALLEGATIONS

## COMPLAINT ¶1:

    This is an action by the Plaintiff and other similarly-situated individuals for damages
exceeding $15,000 excluding attorneys' fees or costs; for Breach of Agreement unpaid wages
and overtime wages under the Fair Labor Standards Act 29 U.S.C. §§201 to recover unpaid
wages.

## ANSWER:

    Defendant admits that Plaintiff purports to bring this lawsuit on behalf of himself and as a

purported collective action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §

201 *et seq*. ("FLSA"), that Plaintiff purports to seek damages in excess of $15,000 excluding

attorneys' fees or costs, that Plaintiff purports to bring claims for breach of agreement, and that

Plaintiff purports to seek recovery of allegedly unpaid wages.  Defendant denies that Plaintiff is

similarly situated to any other current or former employee of Defendant and denies that Plaintiff

or any other individuals who Plaintiff purports are "similarly-situated" to him are entitled to

recover any damages in this action.  Defendant denies the remaining allegations in Paragraph No. 1 of Plaintiff's Complaint.

**COMPLAINT ¶2:**

Declaratory, injunctive, legal and equitable reliefs are sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

**ANSWER:**

Defendant admits that Plaintiff purports to seek declaratory and injunctive relief as well as money damages including attorneys' fees and costs.  Defendant denies that Plaintiff or any individuals who Plaintiff purports are "similarly-situated" to him are entitled to any relief or entitled to recover any damages in this action.  Defendant denies the remaining allegations in Paragraph No. 2 of Plaintiff's Complaint.

**COMPLAINT ¶3:**

Plaintiff's continues to be, a resident of Broward County, Florida.

**ANSWER:**

Defendant is without information sufficient to admit or deny the allegations in Paragraph No. 3 of Plaintiff's Complaint, and therefore denies the same.

**COMPLAINT ¶4:**

Venue is proper in Broward County, Florida.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 4 of Plaintiff's Complaint.

**COMPLAINT ¶5:**

This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 USC §216.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 5 of Plaintiff's Complaint.

**COMPLAINT ¶6:**

All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 6 of Plaintiff's Complaint.

**COMPLAINT ¶7:**

Defendants directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

**ANSWER:**

Defendant admits that Wells Fargo Bank, N.A. is Plaintiff's employer.  Defendant denies that Plaintiff has named any other "Defendants" in this action.  Defendant denies the remaining allegations in Paragraph No. 7 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

**COMPLAINT ¶8:**

Plaintiff and all other similarly situated are non-exempt employees of Defendants and are subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

**ANSWER:**

Defendant admits that Wells Fargo Bank, N.A. employs Plaintiff as a non-exempt employee and admits that Plaintiff worked in excess of forty hours per week during one or more workweeks during the three years preceding the date on which Plaintiff filed the Complaint. Defendant denies that Plaintiff has named any other "Defendants" in this action, denies that Plaintiff is similarly situated to any other current or former employee of Defendant, and denies the remaining allegations in Paragraph No. 8 of Plaintiff's Complaint.

**COMPLAINT ¶9:**

Specifically, Plaintiff and other similarly situated performed work for Defendants as a non-exempt Bank Teller.

**ANSWER:**

Defendant admits that Plaintiff worked for Wells Fargo Bank, N.A. as a non-exempt Teller more than three years ago.  Defendant denies that Plaintiff currently works for Wells Fargo Bank, N.A. as a Teller, denies that Plaintiff has held the Teller position within the period of potential relevance to his claims, denies that Plaintiff has named any other "Defendants" in this action, and denies that Plaintiff is similarly situated to any other current or former employee of Defendant.  Defendant denies the remaining allegations in Paragraph No. 9 of Plaintiff's Complaint.

**COMPLAINT ¶10:**

Plaintiff has been employed by Defendant from approximately January 13, 2013 to the present time as a Bank Teller

**ANSWER:**

Defendant admits that it hired Plaintiff on or about January 14, 2013 as a Teller and that it currently employs Plaintiff.  Defendant denies the remaining allegations in Paragraph No. 10 of Plaintiff's Complaint.

**COMPLAINT ¶11:**

Plaintiff and all other similarly situated, were not paid at the proper overtime rate for all hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 11 of Plaintiff's Complaint.

**COMPLAINT ¶12:**

Additionally, throughout Plaintiff's employment, he worked numerous hours for which he received no compensation whatsoever, in violation of the laws of the United States and the State of Florida.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 12 of Plaintiff's Complaint.

**COMPLAINT ¶13:**

Throughout Plaintiff's employment, Plaintiff worked an average of seventy-two (72) hours per week.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 13 of Plaintiff's Complaint.

**COMPLAINT ¶14:**

At all times material hereto, Plaintiff and Defendant were engaged in an implied agreement whereby Plaintiff would be employed by Defendant and that Plaintiff be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

**ANSWER:**

Defendant admits that it has not violated federal or Florida law with respect to payments to Plaintiff as an employee.  Defendant denies the remaining allegations in Paragraph No. 14 of Plaintiff's Complaint.

**COMPLAINT ¶15:**

Based on this information, Plaintiff earned approximately four hundred dollars ($400.00) per week in wages from Defendants, working approximately 72 hours per week, of which 32 over time hours per week worked "off the clock" yielding a rate of on $5.55 per hour, well below the federal minimum wage of $7.25 per hour and ever further below the Florida minimum wage of $8.05 per hour.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 15 of Plaintiff's Complaint.

**COMPLAINT ¶16:**

Plaintiff was not paid at the proper rate for all hours worked per week, as proscribed by the laws of the United States and the State of Florida.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 16 of Plaintiff's Complaint.

**COMPLAINT ¶17:**

At all times material hereto Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given week.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 17 of Plaintiff's Complaint.

**COMPLAINT ¶18:**

Defendant failed to compensate Plaintiff the required overtime and/or minimum wages at a rate of one and a half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) within a single work week.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 18 of Plaintiff's Complaint.

**COMPLAINT ¶19:**

During the relevant time period Plaintiff performed overtime each week for which Defendants failed to pay Plaintiff at one and a half times his regular rate of pay.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 19 of Plaintiff's Complaint.

**COUNT I**
***Wage & Hour Federal Statutory Violation against***
***WELLS FARGO BANK, N.A.***

**COMPLAINT ¶20:**

Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraph Nos. 1 through 19 of

Plaintiff's Complaint as its answer to Paragraph No. 20 of Plaintiff's Complaint.

**COMPLAINT ¶21:**

This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.,* and specifically under the provisions of 29 U.S.C. § 207.

**ANSWER:**

Defendant admits that Plaintiff purports to bring this lawsuit on behalf of himself and as a

purported collective action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §

201 *et seq.* ("FLSA"), and admits that Plaintiff purports to seek allegedly unpaid minimum wage

and overtime compensation, as well as an additional amount as liquidated damages, costs, and

attorney's fees.  Defendant denies that Plaintiff has named any other "Defendants" in this action,

denies that Plaintiff is similarly situated to any other current or former employee of Defendant,

and denies that Plaintiff or any individuals who Plaintiff purports are "similarly-situated" to him

are entitled to recover any damages in this action.  Defendant denies the remaining allegations in

Paragraph No. 21 of Plaintiff's Complaint.

**COMPLAINT ¶22:**

29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees….for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

**ANSWER:**

Defendant admits that Plaintiff has partially quoted 29 U.S.C. § 207(a)(1) with some

minor modifications of the language in that statute.  Defendant denies any violation of 29 U.S.C.

§ 207(a)(1) and denies the remaining allegations in Paragraph No. 22 of Plaintiff's Complaint.

**COMPLAINT ¶23:**

Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

**ANSWER:**

Defendant admits the allegations in Paragraph No. 23 of Plaintiff's Complaint.

**COMPLAINT ¶24:**

At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 24 of Plaintiff's Complaint.

**COMPLAINT ¶25:**

Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 25 of Plaintiff's Complaint.

**COMPLAINT ¶26:**

By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

**ANSWER:**

Defendant admits the allegations in Paragraph No. 26 of Plaintiff's Complaint.

**COMPLAINT ¶27:**

Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

**ANSWER:**

Defendant admits that Plaintiff purports to seek the recovery of allegedly unpaid wages.

Defendant denies that Plaintiff is entitled to recover any damages in this action and denies that

the period relevant to Plaintiff's claims is three years from his date of hire or from the filing of

the Complaint.  Defendant denies the remaining allegations in Paragraph No. 27 of Plaintiff's

Complaint.

**COMPLAINT ¶28:**

At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq. i*n that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 28 of Plaintiff's Complaint.

**COMPLAINT ¶29:**

Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above.  As such, Plaintiff is entitled to recover double damages.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 29 of Plaintiff's Complaint.

**COMPLAINT ¶30:**

Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 30 of Plaintiff's Complaint.

**COUNT II**
***FLSA Retaliation against***
***WELLS FARGO BANK, N.A.***

**COMPLAINT ¶31:**

Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 12 of this complaint as if set out in full herein.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraph Nos. 1 through 30 of

Plaintiff's Complaint as its answer to Paragraph No. 31 of Plaintiff's Complaint.

**COMPLAINT ¶32:**

29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

**ANSWER:**

Defendant admits that Paragraph No. 32 partially quotes 29 U.S.C. § 215(a)(3) with some

minor modifications of the language in that statute.  Defendant denies that it has discriminated or

retaliated against Plaintiff and denies the remaining allegations in Paragraph No. 32 of Plaintiff's

Complaint.

**COMPLAINT ¶33:**

Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 33 of Plaintiff's Complaint.

**COMPLAINT ¶34:**

The motivating factor that caused Plaintiffs' adverse employment action as described above was Plaintiffs' filing a lawsuit for unpaid wages.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 34 of Plaintiff's Complaint.

**COMPLAINT ¶35:**

Defendant's conduct was in direct violation of the FLSA and FMWA, and, as a direct result, Plaintiffs have been damaged.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 35 of Plaintiff's Complaint.

**COUNT III**
***Breach of Agreement against***
***WELLS FARGO BANK N.A.***

**COMPLAINT ¶36:**

Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

**ANSWER:**

Defendant incorporates by reference its answers to Paragraph Nos. 1 through 35 of

Plaintiff's Complaint as its answer to Paragraph No. 36 of Plaintiff's Complaint.

**COMPLAINT ¶37:**

Defendant breached its agreement with Plaintiff by failing to comply with the terms in her signed contract.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 37 of Plaintiff's Complaint.

**COMPLAINT ¶38:**

Plaintiff suffered damages as a result of Defendants' breach of said agreement.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 38 of Plaintiff's Complaint.

## COUNT IV
### *Quantum Meruit against*
### *WELLS FARGO BANK, N.A.*

**COMPLAINT ¶39:**

Plaintiff has conferred a benefit onto Defendant by performing and providing services for Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 39 of Plaintiff's Complaint.

**COMPLAINT ¶40:**

Defendant have knowledge of the services performed and provided and the benefits provided by Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 40 of Plaintiff's Complaint.

**COMPLAINT ¶41:**

Defendant accepted Plaintiffs services to Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 41 of Plaintiff's Complaint.

**COMPLAINT ¶42:**

Defendant retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all services performed.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 42 of Plaintiff's Complaint.

**COMPLAINT ¶43:**

Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendant.

**ANSWER:**

Defendant admits that Plaintiff purports to seek damages for the value of allegedly uncompensated services he claims to have rendered to, provided to, and performed for Defendant.  Defendant denies that Plaintiff is entitled to recover any damages in this action. Defendant denies the remaining allegations in Paragraph No. 43 of Plaintiff's Complaint.

**COUNT V**
***Unjust Enrichment against***
***WELLS FARGO, N.A.***

**COMPLAINT ¶44:**

Plaintiff has conferred a benefit upon Defendant for services performed and provided to Defendants.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 44 of Plaintiff's Complaint.

**COMPLAINT ¶45:**

Defendant has knowledge of the services performed and provided by Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 45 of Plaintiff's Complaint.

**COMPLAINT ¶46:**

Defendant voluntarily accepted the services performed and provided by Plaintiff.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 46 of Plaintiff's Complaint.

**COMPLAINT ¶47:**

Defendant unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

**ANSWER:**

Defendant denies the allegations in Paragraph No. 47 of Plaintiff's Complaint.

**COMPLAINT ¶48:**

Plaintiff seeks damages for the value of the work performed to Defendant.

**ANSWER:**

Defendant admits that Plaintiff purports to seek damages for the value of allegedly uncompensated work he claims to have performed for Defendant.  Defendant denies that Plaintiff performed any unpaid work and denies that Plaintiff is entitled to recover any damages in this action.  Defendant denies the remaining allegations in Paragraph No. 48 of Plaintiff's Complaint.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following additional defenses without assuming any burden of proof or production that it would not otherwise have.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims, and those of any purportedly similarly-situated individuals, are barred, in whole or in part, by laches and/or the applicable statutes of limitations pursuant to 29 U.S.C. §§ 216(b), 255, and 256; Fla. Const. art. X, § 24; Fla. Stat. § 95.11.

### THIRD DEFENSE

Further, and in the alternative if necessary, Plaintiff's claims and those of any purportedly similarly-situated individuals are barred, in whole or in part, by the doctrine of equitable estoppel because, among other things, Plaintiff and any purportedly similarly-situated individuals intentionally falsified their time records, underreported their hours worked, or intentionally hid their off-the-clock activities from Defendant, and Defendant was unaware of their alleged off-

the-clock activities or otherwise did not suffer or permit Plaintiff or any purportedly similarly-situated individuals to work off the clock. Defendant was not made aware that Plaintiff or any purportedly similarly-situated individuals were allegedly working unrecorded time and relied to its detriment on the information that Plaintiff and any purportedly similarly-situated individual provided in their time records.

### FOURTH DEFENSE

Further, and in the alternative if necessary, Plaintiff's claims and those of any purportedly similarly-situated individuals are barred, in whole or in part, by the doctrine of unclean hands because, among other things, Plaintiff and any purportedly similarly-situated individuals intentionally falsified their time records, underreported their hours worked, and/or intentionally hid their off-the-clock activities from Defendant, and Defendant was unaware of their alleged off-the-clock activities or otherwise did not suffer or permit Plaintiff or any purportedly similarly-situated individuals to work off the clock.

### FIFTH DEFENSE

Further, and in the alternative if necessary, Defendant states that even if Plaintiff or any purportedly similarly-situated individuals prevail, Defendant is entitled to a set-off with respect to any payments or overpayments of wages, commissions, or other remuneration previously paid to them.

### SIXTH DEFENSE

Further, and in the alternative if necessary, Defendant states, in the alternative if necessary, that Plaintiff and any purportedly similarly-situated individuals have received all wages owed to them under federal and Florida law, thereby barring their claims.

## SEVENTH DEFENSE

Plaintiff's claims and those of any purportedly similarly-situated individuals are barred by the doctrine of *res judicata* and/or collateral estoppel to the extent that they or any of their beneficiaries have asserted in any prior legal or administrative proceeding that they were entitled to any additional payment to which Plaintiff claims that he, or the purportedly similarly-situated individuals, are entitled.

## EIGHTH DEFENSE

The claims of Plaintiff and those of any purportedly similarly-situated individual are barred to the extent that there is/are currently other action(s) pending on the same claims.

## NINTH DEFENSE

Further, and in the alternative if necessary, Defendant states that if, in fact, it has failed to pay Plaintiff or any purportedly similarly-situated individuals for any hours worked, the uncompensated time is *de minimis*.

## TENTH DEFENSE

Further, and in the alternative if necessary, Defendant states that even if Plaintiff or any purportedly similarly-situated individuals were not paid for all activities performed while employed by Defendant, such activities do not constitute compensable work and were not an integral and indispensable part of Plaintiff's and the purportedly similarly-situated individuals' principal activities of employment.

## ELEVENTH DEFENSE

Further, and in the alternative if necessary, Defendant states that its actions with respect to Plaintiff and any purportedly similarly-situated individuals were taken in good faith in

conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259.

## TWELFTH DEFENSE

Further, and in the alternative if necessary, Defendant states that its actions with respect to Plaintiff and any purportedly similarly-situated individuals were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29 U.S.C. § 260 and Fla. Stat. § 448.110(6)(c).

## THIRTEENTH DEFENSE

Further, and in the alternative if necessary, the Complaint is barred, in whole or in part, to the extent Plaintiff or any purportedly similarly-situated individuals were and are exempt from the overtime, minimum wage, and recordkeeping provisions of the FLSA and Florida law as outside salespersons pursuant to 29 U.S.C. § 213(a); Fla. Const. art. X, § 24; Fla. Stat. § 448.110; and related regulations.

## FOURTEENTH DEFENSE

To the extent that Plaintiff purports to assert a collective action, certain members of the putative collective are barred, in whole or in part, from becoming a member of any purported collective because of their agreement with Defendant to resolve through individual arbitration all disputes arising out of their employment with Defendant.

## FIFTEENTH DEFENSE

Plaintiff's retaliation claim is barred because Plaintiff did not engage in protected conduct.

## SIXTEENTH DEFENSE

Plaintiff's retaliation claim is barred because there has been no adverse employment action.

## SEVENTEENTH DEFENSE

Defendant avers that even if some impermissible motive were a factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decisions would have been reached for legitimate business reasons.

## EIGHTEENTH DEFENSE

To the extent Plaintiff has failed to mitigate his alleged damages, his recovery, if any, must be reduced accordingly.

## NINETEENTH DEFENSE

Further, and in the alternative if necessary, even if Plaintiff can demonstrate that a protected activity was a motivating factor in any employment decision that he challenges, which Defendant denies, he is not entitled to relief because Defendant would have taken the same action in the absence of any such impermissible factor.

## TWENTIETH DEFENSE

Plaintiff's Complaint and the claims of any purportedly similarly-situated individuals are barred in whole or in part by their failure to comply with the notice requirements of Fla. Stat. § 448.110(6)(a).

## ADDITIONAL DEFENSES

Defendant is just beginning its investigation of this matter.  Therefore, Defendant reserves the right to amend its Answer and Defenses.

WHEREFORE, Defendant prays that Plaintiff and any purportedly similarly-situated individuals take nothing by this action, that this action be dismissed with prejudice, that Defendant be awarded all of its costs as permitted by law, including its reasonable attorneys' fees

under Florida and federal law and that Defendant be granted any other and further relief as this

Court deems just and proper.

DATED:  November 14, 2017                    Respectfully submitted,

                                             SEYFARTH SHAW LLP


                                      By: _____
                                             Katherine M. Smallwood
                                             Florida Bar No. 0089669
                                             ksmallwood@seyfarth.com
                                             SEYFARTH SHAW LLP
                                             1075 Peachtree Street, N.E.
                                             Suite 2500
                                             Atlanta, GA  30309-3958\
                                             Telephone: (404) 885-1500
                                             Facsimile: (404) 892-7056

                                             Counsel for Defendant
                                             WELLS FARGO BANK, N.A.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S**

**ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** was served electronically on

November 14, 2017 on all counsel or parties of record on the Service List below.

s/ *Waly Smallwood*
_____
Counsel for Defendant

### SERVICE LIST
*Attorney for Plaintiffs:*

Peter M. Hoogerwoerd, Esq.
Nathaly Lewis, Esq.
Remer & Georges-Pierre, PLLC.
44 West Flagler Street
Suite 2200
Miami, FL 33130
pmh@rgpattorneys.com
nl@rgpattorneys.com