**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-62308-CIV-SCOLA/SNOW**

THEO MCPHEE, and other similarly situated individuals,

      Plaintiff,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
**AND DISMISSAL OF THE LAWSUIT WITH PREJUDICE**

Plaintiff THEO MCPHEE and Defendant WELLS FARGO BANK, N.A., by their attorneys and pursuant to Rule 41(a)(2) and the Court's Order Administratively Closing Case (Doc. 32), jointly move this Court to approve their proposed settlement in this matter as fair and reasonable and to dismiss this lawsuit <u>with prejudice</u>, with each side bearing its own attorneys' fees and costs, except to the extent provided for in the Settlement Agreement. In support of their joint motion, the parties set forth below the basis for their request for relief.

**MEMORANDUM IN SUPPORT**

1. Plaintiff filed his complaint on September 25, 2017, in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Defendant timely removed the lawsuit to this Court and answered with a vigorous denial of all of Plaintiff's claims.

2. Defendant denies any wrongdoing under the FLSA and maintains that Plaintiff was properly compensated such that his recovery should be $0. However, to avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement in this matter.

3. Plaintiff will receive a total amount of $3,000 for settlement of his FLSA claims. Plaintiff initially estimated his actual damages to be greater than this but provided that estimate before any discovery had occurred in the case. Based on the discovery that has subsequently occurred and the information learned during that discovery about overtime paid to Plaintiff during his employment, Plaintiff agrees that $3,000 is a fair compromise of his FLSA claims.

4. Based upon the understandings and assessments of each party, the parties, acting at arm's length and in good faith and with the advice of counsel, have negotiated and entered into a Settlement Agreement. The parties represent that the Settlement Agreement is a fair and equitable resolution of this matter in light of the contested issues in this lawsuit.

5. The parties have also reached a separate settlement regarding a discrimination and retaliation claim that is pending before the Equal Employment Opportunity Commission ("EEOC"). The agreement to settle that EEOC charge and other potential employment claims by Plaintiff is not being submitted to the Court for approval given its separate pendency and its coverage of claims not brought in the instant lawsuit.

6. Throughout this lawsuit, Plaintiff and Defendant were each represented by counsel experienced in litigating employment disputes, including FLSA lawsuits, and Plaintiff has been represented by counsel at all times since the lawsuit was commenced.

7. While Plaintiff included in his Complaint collective allegations under § 16(b) of the FLSA and filed a motion for certification, the parties settled before Defendant filed its opposition to that motion. Plaintiff's certification motion has since been denied as moot pursuant to this Court's Order Administratively Closing Case (Doc. 32). Thus, this lawsuit remained a single-plaintiff lawsuit, and the Settlement Agreement between the parties resolves all issues in this lawsuit.

8.      Pursuant to the Court's Order citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352-55 (11th Cir. 1982) and requiring review of the parties' settlement agreement, the parties file their Settlement Agreement herewith as Exhibit A.

9.      Because the Settlement Agreement resolves all issues in this lawsuit, dismissal of the lawsuit with prejudice should be granted when the Settlement Agreement is approved.

10.     Plaintiff wishes to advise the Court that the attorneys' fees and costs being paid by Defendant pursuant to the Agreement were not a percentage of any recovery in this case. Defendant has agreed to pay the attorneys' fees and costs as set forth in the Agreement separate and apart from the amounts to be paid to Plaintiff. Plaintiff's attorneys have agreed to a compromise of fees owed to Plaintiff's counsel, and Plaintiff and Defendant have no further obligation to Plaintiff's counsel for any additional attorneys' fees and costs in this matter.

11.     The parties request that the Court review and approve their settlement and dismiss this action with prejudice. The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

## MEMORANDUM OF LAW

12.     Under *Lynn's Food Stores*, which this Court has determined should apply to the parties' Settlement Agreement, the Court should determine that the compromise of the FLSA claim is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id*. at 1354. If the settlement meets the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

13.     Here, the parties agree that the attached Settlement Agreement represent a fair and equitable resolution of this matter. Indeed, Defendant has agreed to pay some compensation to

3

Plaintiff, together with some attorneys' fees and costs, even though the Defendant disputes that Plaintiff is entitled to any relief. For these reasons set forth above, in addition to the fact that the Parties were represented by competent counsel having experience in FLSA claims, the Settlement Agreement is reasonable, and respectfully, this Court should approve the settlement.

## I. Attorneys' Fees under the Fair Labor Standards Act

This is an FLSA overtime case. To determine the amount of fees due, courts use the lodestar approach and multiply the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). When considering what constitutes a reasonable hourly rate, the court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974). There is a "strong presumption" that the lodestar reflects a reasonable sum the attorneys deserve. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-66, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). If the Court finds that the number of hours claimed is unreasonably high, the Court may either conduct an hour-by-hour analysis or it may reduce the hours using an across-the-board cut. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994).

In the case for the Plaintiff, Theo McPhee, at bar, the billing attorneys are Peter Michael Hoogerwoerd, who has eighteen (18) years of experience and Nathaly Lewis, who has two (2) years of experience. Courts have awarded each $400.00 per hour and $250.00 per hour, respectively, which are customary rates in South Florida for each attorney's respective level of experience. Both are experienced labor and employment attorneys, and who are known in the South Florida legal community for performing respectably in labor and employment matters. According to the terms of the Agreement for Representation, Plaintiff's attorneys are allowed to bill an hourly rate for their time.

The time expended in prosecuting Plaintiff's claims is not duplicative in nature and does not include time for billing for administrative tasks. Plaintiff's attorney time does include time for attorney conferences and supervision of attorney tasks. Plaintiff's counsel, as part of a negotiated settlement, has reduced their fee to $4,500.00 and $500.00 in costs.

## II.    Costs under 28 U.S.C. § 1920.

The Supreme Court has held that in awarding costs, courts may not exceed those costs available in 28 U.S.C. § 1920 absent explicit contrary authorization in an applicable substantive statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Courts in the Eleventh Circuit read this to require that cost awards under the FLSA be limited to the costs enumerated in § 1920.[1] *See, e.g. Manriquez v. Manuel Dias Farms, Inc.,* 2002 WL 1050331 at *3, 2002 U.S. Dist. LEXIS 9915 at *9 (S.D.Fla. May 23, 2002) (denying mediation costs in an FLSA case after noting that "[a]bsent a contrary, explicit statutory provision, the Court may tax only the [costs listed in § 1920.]"); *Helms v. Cent. Fla. Reg'l Hosp.,* 2006 WL 3858491 at *3, 2006 U.S. Dist. LEXIS 92994 at *8 (M.D.Fla. Dec. 21, 2006) ("In an FLSA action, it is error to award costs in excess of those permitted by § 1920."); *Glenn v. Gen. Motors Corp.,* 841 F.2d 1567, 1575 (11th Cir.1988) (denying expert

5

witness fees under 29 U.S.C. § 216(b) and noting that nothing suggested that Congress intended "costs" in section 216(b) to include anything more than the costs listed in § 1920.). Therefore, both parties are only entitled to recover those costs listed as taxable under § 1920. The costs properly recoverable under 28 U.S.C. § 1920 are as follows:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees and expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

*James v. Wash Depot Holdings, Inc.*¸ 242 F.R.D. 645 (S.D. Fla. 2007).

In the cause of action at bar, Plaintiff, Theo McPhee, claims $500.00 in recoverable costs for service of process and filing fees.

**SPACE INTENTIONALLY LEFT BLANK**

## **CONCLUSION**

WHEREFORE, the parties respectfully request that this Court enter the Order attached as Exhibit "B":  (1) approving the parties' Settlement Agreement with respect to Plaintiff's FLSA claims in this lawsuit; (2)  dismissing this lawsuit with prejudice, with each side bearing its own attorneys' fees and costs, except to the extent provided for in the Settlement Agreement; and (3) retaining jurisdiction solely to enforce the terms of the settlement.

Respectfully submitted this 12th  day of March, 2018.

| | |
|---|---|
| *s/ Nathaly Lewis* | *s/ Louisa J. Johnson* |
| Peter M. Hoogerwoerd, Esq. | Richard L. Alfred* |
| *pmh@rgpattorneys.com* | SEYFARTH SHAW LLP |
| Nathaly Lewis, Esq. | Two Seaport Lane, Suite 300 |
| *nl@rgpattorneys.com* | Boston, Massachusetts 02210-2028 |
| REMER & GEORGES-PIERRE, PLLC | Telephone: (617) 946-4800 |
| 44 West Flagler Street, Suite 2200 | |
| Miami, Florida 33130 | Timothy M. Watson* |
| Telephone: (305) 416-5000 | SEYFARTH SHAW LLP |
| Facsimile: (305) 416-5005 | 700 Milam Street, Suite 1400 |
| | Houston, Texas 77002-2812 |
| *Counsel for Plaintiff* | Telephone: (713) 225-2300 |
| | |
| | Louisa J. Johnson* |
| | Katherine M. Smallwood |
| | Florida Bar No. 0089669 |
| | *ksmallwood@seyfarth.com* |
| | SEYFARTH SHAW LLP |
| | 1075 Peachtree Street, N.E., Suite 2500 |
| | Atlanta, Georgia 30309-3958 |
| | Telephone: (404) 885-1500 |
| | Facsimile: (404) 892-7056 |
| | |
| | *admitted *pro hac vice* |
| | |
| | *Counsel for Defendant* |