# SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims (the "Agreement") is made and entered into by and between THEO MCPHEE, an individual, on behalf of himself, his spouse, agents, representatives, assigns, heirs, executors, administrators, beneficiaries, and trustees ("MCPHEE"), and WELLS FARGO BANK, N.A. ("WELLS FARGO") (collectively the "PARTIES").

WHEREAS, MCPHEE filed a lawsuit against WELLS FARGO titled Theo McPhee v. Wells Fargo, N.A., CACE-17-017729, in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, which was timely removed to the United States District Court for the Southern District of Florida and assigned case number 0:17-cv-62308-RNS (the "Lawsuit"); and

WHEREAS, in the Lawsuit, MCPHEE asserts claims under the Fair Labor Standards Act ("FLSA") for purported overtime and minimum wages and for alleged retaliation; and

WHEREAS, WELLS FARGO denies all of MCPHEE's allegations and claims in the Lawsuit; however, to avoid the costs of protracted litigation and the associated legal costs and expenses, the PARTIES desire to resolve the claims MCPHEE has brought against WELLS FARGO in the Lawsuit.

NOW, THEREFORE, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, MCPHEE and WELLS FARGO agree as follows:

1. **Dismissal Of The Lawsuit.** The PARTIES agree to immediately seek an order approving the terms of this Agreement and dismissing with prejudice the Lawsuit by filing a joint motion for approval of settlement agreement and dismissal of the lawsuit with the United States District Court for the Southern District of Florida.

2. **Waiver And Release Of All Wage And Hour Claims.** In exchange for the consideration described in Paragraph 6, MCPHEE irrevocably and unconditionally waives, releases, and forever discharges WELLS FARGO and its predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, and parents, and collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively the "RELEASED PARTIES"), from any and all claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever, asserted in or that could have been asserted against any of the RELEASED PARTIES in the Lawsuit, including claims under any legal theory for failure to pay minimum wage, failure to pay overtime, failure to pay for all hours worked, violation of the anti-relation provisions of the FLSA or state law, failure to provide meal and/or rest periods, failure to timely pay final wages, failure to furnish accurate wage statements or other notices, and/or failure to

Case 0:17-cv-62308-RNS  Document 33-1  Entered on FLSD Docket 03/12/2018  Page 1 of 4

keep accurate records (the "RELEASED CLAIMS"). The RELEASED CLAIMS include, but are not limited to, any and all claims for:

- Violation of the FLSA, the Florida Whistle-blower Act, Fla. Stat. Ann. § 448.101 et seq., the Florida Wage Payment Laws, Fla. Stat. Ann. §§ 222.15, 532.01 et seq., the Florida Minimum Wage Act, Fla. Stat. Ann. § 448.110, and Article X, Section 24 of the Florida Constitution (all as amended, if applicable);

- Violation of any and all local, city, state, or federal laws, statutes, ordinances, executive orders, regulations, common law, or constitutions governing wages and hours of work;

- Damages, interest, penalties, costs, attorneys' fees, equitable relief, or any other types of available recovery relating to any of the RELEASED CLAIMS.

**3. Covenant Not To Sue.** MCPHEE agrees not to sue any or all of the RELEASED PARTIES in any forum for any claim covered by the waivers and releases in Paragraph 2, except that MCPHEE may bring a claim to enforce this Agreement. MCPHEE also agrees not to participate in any class or collective action against any or all of the RELEASED PARTIES for any claim covered by the waivers and releases in Paragraph 2 and that he will elect to opt out of any lawsuit or action against any of the RELEASED PARTIES pertaining to any of the RELEASED CLAIMS, of which he is involuntarily made a member or participant. If MCPHEE violates this Agreement by suing the RELEASED PARTIES, other than to enforce this Agreement, MCPHEE shall be liable to such RELEASED PARTIES as are parties to the lawsuit for their reasonable attorneys' fees and other litigation costs incurred in defending against such a lawsuit. Alternatively, if MCPHEE sues the RELEASED PARTIES, other than to enforce this Agreement, MCPHEE may be required, at WELLS FARGO's option, to return all but One Hundred Dollars and No Cents ($100.00) of the consideration paid to him pursuant to this Agreement.

**4. Rights And Claims Excluded From Waivers And Releases.** This Agreement does not waive any rights that cannot be waived by law, including MCPHEE's right to file a charge with an administrative agency and his right to participate in any agency investigation or proceeding. MCPHEE is waiving, however, any right to recover money in connection with such a charge or investigation except money properly awarded by the Securities Exchange Commission. MCPHEE also is waiving any right to recover money in connection with a charge filed by any other individual or governmental agency regarding any RELEASED CLAIMS.

**5. Non-Admission Of Liability.** MCPHEE agrees that WELLS FARGO does not admit any allegations made against it in any claims, charges, complaints, actions, causes of action, grievances, controversies, disputes, or demands, including the Lawsuit. MCPHEE also agrees that nothing contained in this Agreement, nor any of the acts taken thereunder, shall be deemed or construed as an admission of liability or of a violation of any applicable law, statute, ordinance, order, regulation, or constitution of any kind.

Case 0:17-cv-62308-RNS Document 33-1 Entered on FLSD Docket 03/12/2018 Page 2 of 4

**6. Consideration.** In exchange for the promises made by and in consideration for all the terms agreed to by MCPHEE in this Agreement, WELLS FARGO agrees to pay the gross settlement sum of Eight Thousand Dollars and No Cents ($8,000.00) within ten (10) business days after MCPHEE and WELLS FARGO sign this Agreement, MCPHEE and MCPHEE's counsel, REMER & GEORGES-PIERRE, PLLC, complete, execute, and submit Forms W-9 to WELLS FARGO, and the court has dismissed the Lawsuit with prejudice, as follows:

(a) The sum of Three Thousand Dollars and No Cents ($3,000.00) made payable to MCPHEE for the FLSA overtime, minimum wage, and retaliation claims in his Lawsuit, fifty percent of which shall be treated as payment for MCPHEE's alleged unpaid wages, and fifty percent of which shall be treated as payment for MCPHEE's alleged liquidated damages, interest on back wages and/or alleged compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life. Applicable statutory deductions, including federal income taxes and Social Security taxes, shall be withheld by WELLS FARGO from the sum treated as payment for MCPHEE's alleged unpaid wages, and WELLS FARGO shall issue a Form W-2 to MCPHEE in connection with the payment of this sum. WELLS FARGO shall issue a Form 1099 to MCPHEE in connection with the payment for MCPHEE's alleged liquidated damages, interest on back wages and/or alleged compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life. MCPHEE agrees to indemnify and hold WELLS FARGO harmless for any tax liability, penalty, interest, cost, or expense incurred by it as a result of the fact that it did not deduct federal income taxes, Social Security taxes, or other withholdings from the sum treated as payment for MCPHEE's alleged liquidated damages, interest on back wages and/or alleged compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life, or otherwise treat the entire sum paid to MCPHEE as taxable wages to MCPHEE; and

(b) The sum of Five Thousand Dollars and No Cents ($5,000.00) as payment for MCPHEE's attorneys' fees and expenses, made payable to REMER & GEORGES-PIERRE, PLLC. WELLS FARGO will issue Forms 1099 to REMER & GEORGES-PIERRE, PLLC and MCPHEE in connection with this payment.

**7. Other Agreements By MCPHEE.** MCPHEE also agrees that:

(a) he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. MCPHEE has not been coerced, threatened, or intimidated into signing this Agreement;

(b) he has been advised to consult with, and has in fact consulted with, his lawyers prior to signing this Agreement;

Case 0:17-cv-62308-RNS Document 33-1 Entered on FLSD Docket 03/12/2018 Page 3 of 4

(c) he is not entitled to any consideration from WELLS FARGO other than the consideration described in Paragraph 6;

(d) he is waiving his right to participate in any class or collective action against WELLS FARGO and/or the other RELEASED PARTIES regarding any of the RELEASED CLAIMS.

**8. Applicable Law.** This Agreement shall be interpreted under the laws of the State of Florida without regard to its choice of law provisions.

**9. Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the parties to all of the counterparts had signed the same instrument. E-mailed or faxed copies of signatures shall be considered the equivalent of an original signature.

**10. Entire Agreement.** This Agreement sets forth the entire agreement between MCPHEE and WELLS FARGO regarding their settlement, and supersedes any other written or oral statements, representations, communications, understandings, and agreements. No amendment or modification of the terms of this Agreement shall be binding on the PARTIES unless reduced to writing and signed by MCPHEE and WELLS FARGO.

**11. Severability.** MCPHEE and WELLS FARGO agree that if any phrase, clause, or provision of this Agreement is declared to be illegal, invalid or unenforceable by a court of competent jurisdiction, such phrase, clause or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision in this Agreement is deemed to be unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If any waiver, release, or covenant not to sue set forth in Paragraphs 2-3 is deemed to be illegal, invalid, or unenforceable in whole or in part, WELLS FARGO's obligations under this Agreement shall be nullified.

Case 0:17-cv-62308-RNS Document 33-1 Entered on FLSD Docket 03/12/2018 Page 4 of 4

THEO MCPHEE

Date: 3-9-18

WELLS FARGO BANK, N.A.

Scott M. Coble
Florida Lead Region President
Title

Date: 3/12/18

- 4 -